UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO AGUILAR GARCIA,<br>Petitioner,<br>v.<br>POLLY KAISER, et al.,<br>Respondents. | Case No. 3:25-cv-05070-JSC<br><br>**ORDER REQUESTING ADDITIONAL BRIEFING RE: MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 1 |

Petitioner filed this petition for a writ of habeas corpus with a motion for a temporary restraining order seeking an order enjoining the Department of Homeland Security ("DHS"), their agents, employees, and successors in office from re-detaining him until such time as he has had an opportunity to challenge his re-detention before a neutral decisionmaker. (Dkt. No. 1.[1]) The Court granted the motion for a temporary restraining order and issued an order to show cause as to why a preliminary injunction should not issue. (Dkt. No. 3.) The government thereafter agreed to an extended briefing schedule on the motion for a preliminary injunction and agreed the temporary restraining order would remain in effect while the motion for a preliminary injunction was pending. (Dkt. No. 16.) The motion for a preliminary injunction is currently set for hearing on September 18, 2025. For the reasons set forth below, the Court requests supplemental briefing and CONTINUES the hearing until October 30, 2025 at 10:00 a.m. in Courtroom 8, 450 Golden Gate Ave., San Francisco, California.

At the time the petition was filed, the Ninth Circuit Court of Appeals had stayed the mandate on Petitioner's petitions for review to allow Petitioner to file a motion to reopen before

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

the Board of Immigration Appeals. *See Ricardo Aguilar Garcia v. Pamela Bondi*, No. 19-71917, Dkt. No. 97 (9th Cir. May 23, 2025). The parties thus agreed Petitioner's detention was governed by 8 U.S.C. § 1226(a). (Dkt. No. 17 at 10; Dkt. No. 20 at 9.) On August 29, 2025, the Ninth Circuit denied Petitioner's request to continue the stay of the mandate and the mandate issued on September 10, 2025. *See Ricardo Aguilar Garcia v. Pamela Bondi*, No. 19-71917, Dkt. Nos. 102, 103. According to the government's brief, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2). Petitioner's reply brief assumes his detention is still governed by Section 1226 and does not address this more recent development.

Accordingly, given these changed circumstances, by September 19, 2025, Petitioner shall file a supplemental brief addressing this issue. The government may file a response by September 26, 2025 and Petitioner a reply by October 2, 2025. The Court will hear the motion October 23, 2025 at 10:00 a.m. in Courtroom 8, 450 Golden Gate Ave., San Francisco, California. The parties are free to stipulate to another schedule as long as it does not reduce the amount of time the Court has to review the papers prior to the hearing.

In accordance with the government's prior agreement, the temporary restraining order remains in effect through disposition of the motion for a preliminary hearing.

**IT IS SO ORDERED.**

Dated: September 12, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

2